IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE ISAACSON,

        Plaintiff,                        No. CIV S-09-0017 MCE DAD PS

    v.

SHAWN BERRIGAN, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff has filed a motion for a default order against defendant Bauman. The motion has been noticed for hearing on July 10, 2009, concurrently with defendant Bauman's motion to dismiss. In his motion plaintiff contends that defendant Bauman is in default because he failed to respond to the complaint within the time allowed by the summons. By plaintiff's calculation, defendant Bauman filed his motion to dismiss three days late.

        "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). The court cannot enter a default judgment against a party whose default has not been entered. Fed. R. Civ. P. 55(b). Here, plaintiff's motion for default order is procedurally improper because plaintiff did not first request and obtain an entry of default by the clerk pursuant to Rule 55(a). Plaintiff may not

1

1  request entry of default now that defendant Bauman has filed a motion to dismiss, as the clerk
2  cannot enter the default of a defendant who has not failed to plead or otherwise defend.  For these
3  reasons, plaintiff's motion will be denied and will not be placed on the court's calendar.

4  Plaintiff's motion includes his opposition to defendant Bauman's motion to
5  dismiss.  Defendant Bauman is directed not to respond to plaintiff's motion for default order but
6  may file a reply to plaintiff's opposition in accordance with Local Rule 78-230(d).  Such a reply
7  will complete the briefing permitted by the rule.

8  The pro se parties are cautioned that their documents must be mailed or delivered
9  to the court so that the documents are received by the clerk for filing on or before their due dates.
10 No attorney is an attorney of record in this case unless and until the attorney appears in this case
11 as specified in Local Rule 83-182.  If a party is not represented in this case by counsel, all other
12 parties must serve documents on the party at his or her own address and include a proof of such
13 service with each filing.  A party representing himself must appear[1] at all hearings and status
14 conferences on his own behalf and may not delegate that duty to any other individual.  Parties
15 proceeding in propria persona are bound by the Federal Rules of Civil Procedure and the Local
16 Rules of Practice.  Local Rule 83-183.

17 Accordingly, IT IS ORDERED that plaintiff's June 15, 2009 motion for default
18 order is denied and will not be placed on the court's July 10, 2009 calendar.
19 DATED: June 17, 2009.

DAD:kw
Ddad1\orders.prose\isaacson0017.motdefault.den

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[1] Court appearances may be made in person or by telephone.  Telephonic appearance must be arranged in advance.  To arrange for telephonic appearance, the party must call Pete Buzo, courtroom deputy to the undersigned, at (916) 930-4128 at least 48 hours prior to the required appearance.