1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EUGENE ISAACSON,

11              Plaintiff,                    No. CIV S-09-0017 MCE DAD PS

12         v.

13   SHAWN BERRIGAN, et al.,

14              Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16              This case came before the court on July 17, 2009, for hearing of defendant

17   Bauman's motion to dismiss (Doc. No. 7) pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants

18   McDaris, Berrigan, Decker, Coakley, and House joined in defendant Bauman's motion  (Doc.

19   Nos. 12-16).  All parties in the action are proceeding pro se.  At the hearing, defendant Bauman

20   appeared telephonically on his own behalf.  Plaintiff Eugene Isaacson also appeared

21   telephonically on his own behalf.  No appearance was made by or on behalf of defendants

22   McDaris, Berrigan, Decker, Coakley, and House.  At the conclusion of the hearing, defendants'

23   motion was taken under submission.

24              Upon consideration of all written materials filed in connection with the motion to

25   dismiss, the arguments at the hearing, and the entire file, the undersigned recommends that the

26   motion be granted and this action be dismissed with prejudice.

1

BACKGROUND

Plaintiff filed his complaint in this court on January 5, 2009. The court granted plaintiff's motion to proceed in forma pauperis and directed plaintiff to provide documents to the United States Marshal for service of process. In due course, service was effected on all defendants. Defendant Bauman filed his motion to dismiss, and all other defendants joined in the motion. Plaintiff filed opposition to the motion along with a motion for an order of default. The latter motion was denied by order filed June 18, 2009.

PLAINTIFF'S CLAIMS

In his complaint plaintiff describes his claims as having an admiralty or maritime character. He alleges that the defendants engaged in a conspiracy to illegally seize plaintiff's vessel, the Gray Finn, from the Sacramento River, a navigable waterway where the vessel was legally anchored. Defendants had plaintiff's vessel towed to Cliff's Marina, where it has been held by the marina and defendant McDaris while charging plaintiff $100 per day for impound fees. Plaintiff alleges that the defendants' conspiracy was motivated by a plan involving waterfront real estate adjacent to property being purchased by defendants Berrigan and House from defendant Coakley. Plaintiff claims that he has been deprived of his property valued at $80,000.

Plaintiff's complaint enumerates seven claims based upon his allegations: ship hijacking, illegal seizure, violation of 18 U.S.C. § 241, violation of 42 U.S.C. § 1983, violation of 42 U.S.C. § 1985(3), replevin and conversion, and tort negligence. By way of relief, plaintiff seeks a writ of replevin for the return of his vessel and an order judging defendants liable to plaintiff for the loss of value of his vessel due to their negligence while the boat is in their possession.

LEGAL STANDARDS APPLICABLE TO DEFENDANTS' MOTION TO DISMISS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Thus,

a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the

plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted,

the court accepts as true the allegations in the complaint and construes the allegations in the light

most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The

court is permitted to consider material which is properly submitted as part of the complaint,

documents not physically attached to the complaint if their authenticity is not contested and the

plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los

Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

With regard to claims of fraud, "the circumstances constituting fraud . . . shall be

stated with particularity."  Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to

defendants of the specific fraudulent conduct against which they must defend, but also 'to deter

the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants]

from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from

unilaterally imposing upon the court, the parties and society enormous social and economic costs

absent some factual basis.'"  Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001)

(quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)).  Thus, pursuant to Rule

9(b), a plaintiff alleging fraud at a minimum must plead evidentiary facts such as the time, place,

persons, statements and explanations of why allegedly misleading statements are misleading.  In re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[1]

## ANALYSIS

Defendant Bauman seeks dismissal of plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that:  (1) plaintiff's claims have already been adjudicated in Robert Rawlings & Eugene Isaacson v. Shawn Berrigan, et al., case No. 05AS05387 (Sacramento County Super. Ct.), and are therefore barred by the Rooker-Feldman doctrine, collateral estoppel, and res judicata; (2) plaintiff has not alleged sufficient facts to constitute a prima facie case for any of his claims; (3) it appears from the face of plaintiff's complaint that five of his seven claims are time barred; (4) plaintiff lacks standing to assert the two claims that are not time barred; (5) plaintiff failed to remove the state action to federal court in a timely manner; (6) the complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure because it is confusing and illogical and is not a short and plain statement of claims showing that plaintiff is entitled to relief; and (7) plaintiff previously filed a complaint in this court on March 20, 2007, Isaacson v. Berrigan, et al., case No. 2:07-cv-00537-MCE EFB PS, which was dismissed on the court's own motion on November 15, 2007.  (Def't's Mot. to Dismiss (Doc. No. 7) at 1-2 & Exs. A-E.)  Defendant seeks dismissal of plaintiff's complaint with prejudice.

Defendant's motion is supported by copies of documents filed in Robert Rawlings & Eugene Isaacson v. Shawn Berrigan, et al., case No. 05AS05387 (Sacramento County Super. Ct.) and by a copy of the docket for Isaacson v. Berrigan, et al., case No. 2:07-cv-00537-MCE

---

[1]   In addition, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'"  Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

EFB PS (E.D. Cal.).  The court takes judicial notice of these documents pursuant to Federal Rule of Evidence 201.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings).

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review alleged errors in state court decisions.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983) (holding that review of state court determinations can be obtained only in the United States Supreme Court).  The doctrine applies to "cases of the kind from which the doctrine acquired its name:  cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  "The purpose of the doctrine is to protect state judgments from collateral federal attack."  Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001).

Put another way, a federal district court is prohibited from exercising subject matter jurisdiction over a suit that is "a de facto appeal" from a state court judgment.  Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004).  A federal district court may not examine claims that are inextricably intertwined with state court decisions, "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles."  Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th Cir. 2003).  See also Ignacio v. Judges of U.S. Court of Appeals, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [plaintiff's] domestic case").

/////

In the present case, plaintiff alleges conspiracy and deprivation of property. He seeks both the return of his boat and an order adjudging the defendants liable for the loss of value caused by their alleged negligence in caring for the boat. (Compl. (Doc. No. 1) at 5.) In the first amended complaint filed by plaintiff and his co-plaintiff Robert Rawlings in Sacramento County Superior Court, the plaintiffs alleged claims of civil conspiracy and conversion of property. (Def't's Mot. to Dismiss (Doc. No. 7), Ex. A, First Amended Compl. at 2-6.) In that state court action plaintiffs requested the value of the property converted, interest on the value of the converted property, and damages. (Id. Ex. A, First Amended Compl. at 7.) In the state court's tentative decision after a court trial, the court found that plaintiffs had failed to prove that a conversion occurred and that there was no evidence of a conspiracy by any of the defendants. With respect to plaintiffs' contention that Cliff's Marina converted their boats by refusing to release them on demand, the court found that the boats were subject to charges for the costs of towing and storage and that plaintiffs had not offered to pay the costs, so that Cliff's Marina acted justifiably in refusing to release the boats to plaintiffs. On the cross-complaint of Cliff's Marina, the court found for Cliff's Marina and against plaintiffs and cross-defendants, assessing storage fees for plaintiff Isaacson's boat at a monthly rate of $234 from December 2004 through the last day of trial. (Id., Ex. C.) Final judgment was entered in the Sacramento County Superior Court in June 2008 for defendants, with plaintiffs to receive nothing, and for cross-complainants to receive from cross-defendants the amount of $23,889.33. (Id., Ex. D.)

It is evident that plaintiff's lawsuit in this court is a de facto appeal from the state court judgment. Plaintiff's claims are inextricably intertwined with the state court decisions, even though plaintiff does not directly challenge the merits of that decision. The present case is nothing more than another attack on the California superior court's determination in plaintiff's suit against most of the defendants sued in this action.

The undersigned has carefully considered whether there is any possibility that plaintiff may amend his complaint to state a cognizable claim that would not constitute a de facto

appeal from the state court judgment at issue. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this instance given the fundamental nature of plaintiff's complaint and the defects noted above. Accordingly, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Defendant Bauman's motion to dismiss (Doc. No. 7), in which all other defendants have joined, be granted; and

2. Plaintiff's complaint be dismissed with prejudice and this action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within seven days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 12, 2010.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.pro se/isaacson0017.oah071709.mtdgr

7